UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 16-20121-CIV-GAYLES/TURNOFF

JPAY, INC.,

    Plaintiff,

v.

CYNTHIA KOBEL and SHALANDA HOUSTON,

    Defendants.

_____/

## ORDER

This cause came before the Court on Defendants' Motion to Compel Arbitration and Stay Proceedings [ECF No. 11]. The Court has reviewed the Motion and the record and heard argument of counsel. For the reasons that follow, the Court denies in part the Motion to Compel Arbitration.

## BACKGROUND

JPay is a provider of money transfer services for individuals in correctional facilities and their family and friends. Claimants Cynthia Kobel and Shalanda Houston ("Claimants") utilized JPay's services to send money to inmates.

JPay's Terms of Service govern JPay and Claimaints' relationship and provide in relevant part:

(a) Any [] dispute, claim, or controversy among the parties arising out of or relating to this Agreement shall be resolved by and through arbitration administered by the AAA under its Commercial Arbitration Rules. The ability to arbitrate the dispute, claim, or controversy shall likewise be determined in the arbitration. The arbitration proceeding shall be conducted in as expedited a manner as is then permitted by the rules of the American Arbitration Association. Both the foregoing Agreement of the parties to arbitration any and all such disputes, claims and controversies, and the results, determinations, findings, judgments and /or awards rendered though any such arbitration shall be final and binding on the parties and may by specifically enforced by legal proceedings in any court of competent jurisdiction.

[ECF No. 19-2].

On October 16, 2015, Claimants filed a demand for arbitration with the American Arbitration

Association ("AAA") alleging that JPAY engaged in unlawful conduct relating to its money transfer services. Claimants' demand was on behalf of themselves and a class consisting of "[a]ll natural persons who paid a fee to JPay for electronic money transfer services and who agreed to arbitrate their claims with JPay." [ECF No. 1-1].

In response, on December 11, 2015, JPay filed this action in the Eleventh Judicial Circuit in and for Miami Dade County seeking (i) a declaration that it has not consented to class arbitration; (ii) to stay the class arbitration; and (iii) to compel bilateral arbitration. Claimants removed the action to federal court. On February 16, 2016, Claimants moved to compel arbitration and stay the proceedings. On March 2, 2016, Plaintiff opposed the Motion to Compel Arbitration and filed a Cross Motion for Summary Judgment [ECF No. 19]. On April 6, 2016, the Court heard argument on the Motion to Compel. The Court stayed ruling on JPay's Cross Motion for Summary Judgment pending its resolution of the Motion to Compel.

## DISCUSSION

This action presents two related questions. First – who decides whether the arbitration agreement permits class arbitration? If the Court finds that the arbitrator decides, its inquiry ends and this action proceeds to arbitration for the arbitrator to interpret the scope of the Agreement. If, however, the Court determines that it decides, then the Court must answer the second question – whether the Agreement permits class arbitration?

### I.   The Who Decides Inquiry

Claimants argue that arbitrators must decide whether an arbitration provision includes class arbitration. JPay argues that the Court must determine the availability of class arbitration because it is a gateway question of arbitrability.

#### A.   Questions of Arbitrability

It is undisputed that the Court determines whether a particular matter may be arbitrated, i.e.

"questions of arbitrability," unless the parties clearly and unmistakably agree otherwise. *See AT&T Technologies, Inc. v. Communications Workers of Am.,* 475 U.S. 643, 648-49 (1986) ("the question of arbitrability . . . is undeniably an issue for judicial determination [] [u]nless the parties clearly and unmistakably provide otherwise…"). Questions of arbitrability are limited in scope and apply to gateway or substantive issues such as whether an arbitration clause is binding or whether the arbitration clause applies to a particular type of dispute. *Howsam v. Dean Witter Reynolds, Inc.*, 537 U.S. 79, 83-84 (2002). Procedural issues "which grow out of the dispute and bear on its final disposition," such as time limits, estoppel, waiver, or conditions precedent, are not questions of arbitrability and are for the arbitrator to decide. *Id.* at 84 (citations omitted).

### B. Availability of Class Arbitration

The first question for this Court is whether the availability of class arbitration is a question of arbitrability. Claimants argue that the Supreme Court's holding in *Green Tree Financial Corp. v. Bazzle*, 539 U.S. 444, 452 (2003), that class arbitrability is a procedural question for the arbitrator, should govern. The Supreme Court, however, has distanced itself from *Bazzle,* noting in *Stolt-Nielsen S.A. v. AnimalFeeds International Corp.*, 559 U.S. 662 (2010), that *Bazzle* was a plurality opinion and did not yield a majority decision on any of the questions addressed. *Id.* at 680. Following *Stolt-Nielsen*, the Supreme Court explicitly stated that it "has not yet decided whether the availability of class arbitration is a question of arbitrability." *Oxford Health Plans LLC v. Sutter*, 113 S.Ct. 2064, 2068 n.2 (2013). Accordingly, this Court does not find *Bazzle* dispositive or persuasive.

The Eleventh Circuit has not yet addressed the "who decides" question. *See Southern Communications Services, Inc. v. Thomas*, 720 F.3d 1352, 1359 n. 6 (11th Cir. 2013) ("Like the Supreme Court, we also have not decided whether the availability of class arbitration is a question of

arbitrability.")  The Third, Fourth, and Sixth Circuits, however, have addressed the "who decides" question, all finding that the availability of class arbitration is a substantive dispute for the Court to decide.  *See Dell Webb Communities, Inc.  v. Carlson*, No. 15-1385, 2016 WL 1178829 at *7, --- F.3d --- (4th Cir. Mar. 28, 2016); *Chesapeake Appalachia, LLC v. Scout Petroleum, LLC*, 809 F.3d 746 (3rd Cir. 2016); *Reed Elsevier, Inc. ex rel. Lexis Nexus Div. v. Crockett,* 734 F.3d 594 (6th Cir. 2013), *cert. denied,* --- U.S. ----, 134 S.Ct. 2291, 189 L.Ed.2d 173 (2014) ; *Opalinski v. Robert Half International Inc.*, 761 F.3d 326 (3rd Cir. 2014).  In so holding, each Circuit focused on the fundamental difference between class and bilateral arbitration and on Claimants' tremendous burden to overcome the presumption that courts decide questions of arbitrability.

        1.        Class v. Bilateral Arbitration

The Supreme Court, while not directly addressing the "who decides" question, has held that there is a fundamental difference between class and bilateral arbitration.  "This is so because class-action arbitration changes the nature of the arbitration to such a degree that it cannot be presumed the parties consented to it by simply agreeing to submit their disputes to an arbitrator."  *Stolt-Nielsen*, 559 U.S. at 685.  Indeed, the differences between class and bilateral arbitration are significant.  Class actions involve many disputes between hundreds, possibly thousands, of parties as opposed to one dispute in a bilateral proceeding.  In addition, when a class is involved, the arbitrator's award might adjudicate the rights of absent class members.  Finally, class arbitrations, like class litigation, have significant commercial ramifications, yet the scope of judicial review is extremely limited.  *Id.* at 686-87.  For these reasons, the Supreme Court held that the "differences between bilateral arbitration and class-action arbitration are . . . great."  *Id.*

The Third, Fourth, and Sixth Circuits have all relied on the Supreme Court's guidance on class arbitrations to find that the availability of class arbitration is a question of arbitrability.

> When parties agree to forgo their right to litigate in the courts and in favor of private dispute resolution, they expect the benefits flowing from that decision: less rigorous

>procedural formalities, lower costs, privacy and confidentiality, greater efficiency, specialized adjudicators, and – for the most part – finality. These benefits, however, are dramatically upended in class arbitration, which brings with it higher risks for defendants.

*Dell Webb*, 2016 WL 1178829 at *7. *See also Reed,* 734 F.3d at 598 ("Thus, in sum, '[a]rbitration is poorly suited to the higher stakes of class litigation.'") (citations omitted); *Opalinski*, 761 F.3d at 334 ("Traditional individual arbitration and class arbitration are so distinct that a choice between the two goes, we believe, to the very type of controversy to be resolved.").

This Court agrees with the reasoning in *Dell Webb, Reed, and Opalinski*. The differences between class and bilateral arbitration are of enough consequence that the determination of whether class arbitration is available is a substantive question for the Court to decide.

### 2. The Presumption that Courts Determine Questions of Arbitrability

Further, Claimants have not overcome the presumption that the Court decides whether the Agreement provides for class arbitration "unless the parties clearly and unmistakably provide otherwise." *AT&T Technologies,* 475 U.S. at 649. This is a heavy burden and requires "express contractual language unambiguously delegating the question of arbitrability to the arbitrator." *Opalinksi*, 761 F.3d at 335. Silence or ambiguity in the agreement "is not enough to wrest that decision from the courts." *Reed*, 734 F.3d at 599. Like the provisions in *Opalinski, Reed, Chesapeake, and Dell Webb*, the arbitration provision in this action never references class arbitration. The Court finds that without a clear reference in the Agreement to class arbitration, the parties have not unmistakably agreed to have the arbitrator determine questions of class arbitrability.

Claimants assert that the Agreement's reference to the AAA Commercial Arbitration Rules rebuts the presumption that the Court is to decide arbitrability. However, as detailed by the Third Circuit in *Chesapeake* and the Sixth Circuit in *Reed*, a reference to the AAA rules in an arbitration provision – without any additional language regarding class arbitration -- is insufficient to rebut the presumption. *Chesapeake*, 809 F.3d at 766 (finding that incorporation of AAA rules did not clearly

and unmistakeably authorize arbitrators to determine questions of class arbitrability); *Reed*, 734 F.3d at 600 (same).[1]

The Court recognizes that this action is slightly different from those addressed by the Third, Fourth, and Sixth Circuits. Specifically, the Agreement at issue provides that "[t]he ability to arbitrate the dispute, claim, or controversy shall likewise be determined in arbitration." The Court, however, finds that the absence of any reference to class arbitration renders this provision, at best, ambiguous and therefore insufficient to overcome the burden.

## CONCLUSION

Based on the foregoing, the Court finds that it must determine whether the Agreement permits class arbitration. The Court will make that determination after receiving Claimants' response to Plaintiff's Cross Motion for Summary Judgment. It is therefore

**ORDERED AND ADJUDGED** that the Motion to Compel Arbitration and Stay Proceedings is **DENIED** in part. The Court reserves ruling on whether the Agreement provides for class arbitration. It is further

**ORDERED AND ADJUDGED** that Claimants shall respond to Plaintiff's Cross Motion for Summary Judgment [ECF No. 19] within ten (10) days of the date of this Order. The Court finds that discovery on this issue is not warranted.

---

1   In *Terminex v. Palmer Ranch Ltd. Partnership*, 432 F.3d 1327 (11th Cir. 2005), the Eleventh Circuit held that the parties' incorporation of the AAA rules into its arbitration provision was sufficient to overcome the presumption that the Court decides questions of arbitrability. *Terminex* is dinstinguishable because class arbitration was not at issue.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 16th day of May, 2016.

_____
DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE